IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VIRGIL BRADFORD,**

    **Petitioner,**

    v.                                                              CASE NO. 21-3009-SAC

**DAN SCHNURR,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner, a prisoner in state custody, challenges the validity of his sentence.

**Background**

Petitioner was convicted in 1999 on charges of capital murder, aggravated robbery, aggravated burglary, and felony theft. The trial court imposed a life sentence with no chance of parole for 40 years ("Hard 40") for the capital murder conviction, with consecutive upward departure sentences imposed on the remaining felony convictions. The Kansas Supreme Court affirmed Petitioner's convictions and the Hard 40 sentence imposed for the capital murder. *See State v. Bradford*, 34 P.3d 434 (Kan. 2001). It vacated the remaining sentences as imposed under a sentencing statute found to be unconstitutional and remanded the matter for resentencing. Petitioner was resentenced on January 9, 2002, and the Kansas Supreme Court affirmed the sentences on May 30, 2003.

Petitioner then filed a 28 U.S.C. § 2254 petition in this Court on December 2, 2003. On December 8, 2004, the Court dismissed the petition as barred by Petitioner's procedural default of the issues raised. *See Bradford v. McKune*, Case No. 03-3459-SAC (D. Kan. Dec. 8, 2004). Petitioner filed the instant petition under § 2254 on January 7, 2021.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Discussion**

The Court has conducted a preliminary review of the petition and finds that this matter is a second application for habeas corpus. The first application was adjudicated in *Bradford v. McKune*, Case No. 03-3459-SAC (D. Kan. Dec. 8, 2004). The Tenth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. *Bradford v. McKune*, 160 F. App'x 738 (10th Cir. 2005).

Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a petitioner fails to obtain the prior authorization, a federal court must dismiss the matter or, "if it is in the interest of justice", transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Factors the Court considers in deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

In this case, Petitioner argues the trial court erred in imposing a Hard 40 sentence for capital murder after the jury declined to impose the death penalty. He alleges his rights were violated when he was sentenced under K.S.A. 21-4635 but was previously advised he would be sentenced

under K.S.A. 21-4624.  Petitioner claims he was never advised of the fact that if the jury did not impose the death penalty after balancing mitigating and aggravating circumstances, the trial judge could consider the same circumstances and impose a Hard 40 sentence.  Petitioner raised this claim before the Kansas Supreme Court in his direct appeal, and that court rejected it, finding the Hard 40 sentencing scheme had been found to be constitutional and finding no violation of Petitioner's due process rights.  *See State v. Bradford*, 34 P.3d 434, 447-48 (Kan. 2001).

The Court finds that it is not in the interest of justice to transfer this case to the U.S. Court of Appeals for the Tenth Circuit.  First, Petitioner's claim appears to be time-barred.  In addition, the claim is unlikely to have merit.  Petitioner may seek authorization by applying to the Tenth Circuit.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as an unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider.

**IT IS SO ORDERED**.

Dated April 16, 2021, in Topeka, Kansas.

>s/ Sam A. Crow
>Sam A. Crow
>U.S. Senior District Judge